**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4719**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

DAMASO HERNANDEZ-SOLIS, a/k/a Demaso Penaloza-Hernandez,

          Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:17-cr-00217-CCE-2)

Submitted:  May 18, 2018                         Decided:  May 25, 2018

Before WILKINSON and NIEMEYER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Mark A. Jones, BELL, DAVIS & PITT, PA, Winston-Salem, North Carolina, for Appellant.  Lisa Blue Boggs, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Damaso Hernandez-Solis ("Hernandez"), a native and citizen of Mexico, pled guilty to conspiracy to possess with intent to use unlawfully and transfer unlawfully five or more false identification documents, in violation of 18 U.S.C. § 1028(a)(3), (f) (2012), knowingly transferring false identification documents, in violation of 18 U.S.C. § 1028(a)(2), (b)(1)(A)(i)-(ii) (2012) and 18 U.S.C. § 2 (2012), and illegal reentry following removal after sustaining an aggravated felony conviction, in violation of 8 U.S.C. § 1326(a), (b)(2) (2012). The district court sentenced Hernandez to 36 months in prison, which was within the advisory Sentencing Guidelines range of 30 to 37 months, and imposed a 2-year term of supervised release. Counsel for Hernandez has filed this appeal pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no potentially meritorious appellate issues, but asking us to consider whether Hernandez's guilty plea was knowing and voluntary. The Clerk's Office notified Hernandez of his right to file a pro se supplemental brief, but he has not done so. The Government has declined to file a response. We affirm.

"[F]or a guilty plea to be valid, the Constitution imposes 'the minimum requirement that the plea be the voluntary expression of the defendant's own choice.'" *United States v. Moussaoui*, 591 F.3d 263, 278 (4th Cir. 2010) (alteration omitted) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). "In evaluating the constitutional validity of a guilty plea, courts look to the totality of the circumstances surrounding it, granting the defendant's solemn declaration of guilt a presumption of truthfulness." *Id*. (alteration and internal quotation marks omitted). Federal Rule of

2

Criminal Procedure 11 "governs the duty of the trial judge before accepting a guilty plea." *Boykin v. Alabama*, 395 U.S. 238, 243 n.5 (1969). Rule 11 "requires a judge to address a defendant about to enter a plea of guilty, to ensure that he understands the law of his crime in relation to the facts of his case, as well as his rights as a criminal defendant." *United States v. Vonn*, 535 U.S. 55, 62 (2002).

When, as here, a defendant does not seek to withdraw his guilty plea in the district court, we review any claims that the court erred at his guilty plea hearing for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). To establish plain error, an appellant must show: (1) error; (2) that was plain; and (3) that affected his substantial rights. *United States v. Sanya*, 774 F.3d 812, 816 (4th Cir. 2014). "In the Rule 11 context, this inquiry means that [the defendant] must demonstrate a reasonable probability that, but for the error, he would not have pleaded guilty." *Id*. (internal quotation marks omitted).

Counsel for Hernandez does not point us to any specific Rule 11 error or omission, or identify any basis for questioning the knowing and voluntary nature of Hernandez's guilty plea, and our review of the record did not reveal any. Indeed, it is clear from Hernandez's sworn testimony at the Rule 11 hearing, which was offered through an interpreter, that Hernandez understood the nature of the proceedings, the elements of the charges and his sentencing exposure, and the consequences of his decision to plead guilty. Nor does the record reveal any error by the district court err in conducting the Rule 11 plea colloquy. Because we discern no basis for questioning whether Hernandez knowingly and voluntarily entered his guilty plea, we affirm his convictions.

3

In accordance with *Anders*, we have reviewed the record and have found no potentially meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Hernandez, in writing, of his right to petition the Supreme Court of the United States for further review. If Hernandez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hernandez. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*